UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WENDELL DWAYNE PRICE** | **CIVIL ACTION NO. 6:13-790** |
| **VERSUS** | **JUDGE HAIK** |
| **CITY OF RAYNE, ET AL.** | **MAGISTRATE JUDGE HANNA** |

### RULE 7(a) HEIGHTENED PLEADING REVIEW ORDER

In this § 1983 civil rights lawsuit, the plaintiff sued Rayne Chief of Police Carroll Stelly, Officer Joseph Cormier and Officer Joseph Credeur in their official and individual capacities. In their Answer, these defendants pleaded qualified immunity. The undersigned has therefore conducted an evaluation of the plaintiff's complaint to determine whether it meets the applicable heightened pleading requirement.[1]

After review, the undersigned concludes that the plaintiff has supported his claims against Officer Joseph Cormier and Officer Joseph Credeur "with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts."[2] The plaintiff alleges that, on or

---

[1] *See Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).

[2] *Schultea v. Wood*, 47 F.3d at 1434.

about April 2, 2012, Officers Cormier and Credeur illegally and unlawfully arrested him utilizing excessive force under the circumstances.

Although the court may later determine the facts in favor of these defendants, the sole issue presented here is whether the plaintiff has satisfied the heightened pleading requirement of *Shultea v. Wood*. The undersigned concludes that he has. Accordingly, there is no need for an order banning or limiting discovery with regard to the plaintiff's claims against these defendants, and the case against these defendants should proceed in accordance with the existing Scheduling Order (Rec. Doc. 22).

It is unclear whether plaintiff has sued Chief Stelly under § 1983 or solely under state law. However, given that plaintiff has sued Chief Stelly individually, the Court assumes that such a claim is asserted. When an officer or other official sued in his or her personal capacity asserts a qualified immunity defense in a civil rights action, the plaintiff must support his or her claim "with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995). As suggested in Schultea, this court will require plaintiff to file a reply to Chief Stelly's answer asserting qualified immunity pursuant to Fed. R. Civ. P. 7(a). If plaintiff intends to assert a claim against Chief Stelly solely in his official capacity,

and not in his individual capacity, he shall expressly state that in his response. Officers and other officials sued in their official capacities are not entitled to a qualified immunity defense,[3] and no heightened pleading standard is applicable.[4]

**IT IS HEREBY ORDERED** that within twenty (20) days of the date of this order, the plaintiff shall file a reply to the qualified immunity defense pled by **Rayne Chief of Police Carroll Stelly in his individual capacity.** The reply must allege with specificity the constitutional rights that were violated, the facts that support these allegations, the persons involved in these alleged violations, and the reasons that the asserted defense of qualified immunity is inapplicable.

**IT IS FURTHER ORDERED** that defendant(s) shall not file any response to plaintiff's reply; any response filed will be disregarded. The purpose of this order is to determine whether discovery should be banned or limited with respect to Chief Stelly, pending the filing by Chief Stelly of a motion to dismiss under Rule 12(b), or, alternatively, a motion for summary judgment on the basis of qualified immunity.

---

[3] *Burge v. Parish of St. Tammany,* 187 F.3d 452, 466-467 (5th Cir. 2008); *Trent v. Wade*, 776 F.3d 368, 388-389 (5th Cir. 2015).

[4] *Baker v. Putnal*, 75 F.3d at 195.

This process does not absolve any defendant from filing a timely motion to dismiss or motion for summary judgment on the qualified immunity issue.[5]

Signed at Lafayette, Louisiana on this 28th day of September 2015.

                                                        **PATRICK J. HANNA**
                                                        **UNITED STATES MAGISTRATE JUDGE**

---

[5] The Fifth Circuit in Schultea stated:

The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

Schultea, 47 F.3d at 1432-34.