UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **WENDELL DWAYNE PRICE** | **CIVIL ACTION NO. 13-0790** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CITY OF RAYNE, ET AL.** | **MAG. JUDGE PATRICK J. HANNA** |

## RULING

Pending before the Court is Defendants' Motion to Reconsider Ruling Dismissing State Law Claims Without Prejudice [Doc. No. 57]. Plaintiff Wendell Dwayne Price ("Price") has filed an opposition memorandum. [Doc. No. 60].

Price filed this civil rights action in state court on March 28, 2013, and it was subsequently removed to this Court on April 17, 2013. In his Complaint, Price alleges that his civil rights were violated when he was unlawfully arrested with the use of excessive force on April 2, 2012. Price's claims are asserted under 42 U.S.C. § 1983 and Louisiana state law.

On March 3, 2016, the Court issued a Ruling [Doc. No. 55] and Judgment [Doc. No. 56] dismissing Price's federal claims with prejudice, but declining to exercise supplemental jurisdiction over his state law claims and thus dismissing those claims without prejudice.

On March 9, 2016, Defendants filed the instant Motion to Reconsider. On March 28, 2016, with leave of Court, Price filed an opposition memorandum.

A motion to reconsider filed within 28 days of the judgment is treated as a motion to alter or amend under Rule 59(e). *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc); FED. R. CIV. P. 59(e).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used infrequently by the courts and only in specific circumstances. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (other citations and quotation marks omitted). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller*, 342 F.3d at 567-68 (citation omitted).

A Rule 59(e) motion should not provide an opportunity for movants to rehash evidence, legal theories, or arguments that could have been raised before judgment. *Templet*, 367 F.3d at 478-79. In determining whether to grant a Rule 59(e) request, the Fifth Circuit has indicated that district courts should balance the need for finality against the need to render equitable decisions based on all the facts. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

In this case, the Court finds no basis to set aside its previous Ruling and Judgment. Thus, Defendants' motion is DENIED.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE